IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.

Case No: 8:14-CR-462-T-33AEP

FABIAN ESTRADA    /

**DEFENDANT FABIAN ESTRADA'S
SENTENCING MEMORANDUM**

COMES NOW, the Defendant, FABIAN ESTRADA, by and through his undersigned counsel, and provides this sentencing memorandum in the above-styled matter detailing the Defendant's limited role in the offense, Bureau of Prison logistical considerations, miscellaneous issues and a Section 3553(a) analysis with a request for mitigation and in support states as follows:

I.   The Defendant has no unresolved objections to the finding of the Base Offense Level as determined in the Pre-Sentencing Report.

The Defense does not object to the assessment of the pre-sentencing report in finding a Base Offense Level of 36 under the Drug Quantity Table. (see PSR, p 6, par 25)

II.   The Defendant disagrees with the Total Offense Level in that the Report does not give a downward adjustment for the Defendant's limited role in the offense.

The Presentence Report gives no adjustment to the Defendant for his role in the offense. (See, PSI, page 6, par. 19). The facts and circumstances of the case show that the Defendant should be given a downward minor role adjustment.

The Defendant's knowledge of the conspiracy and his actions in furtherance of the conspiracy were limited to what he was instructed to do. He had a very limited role in the actual criminal enterprise, not knowing the scope and sophistication nor the range and depths of the conspiracy. The Defendant was merely told what to do.

As the PSR notes, the master of the fishing vessel *La Golosa,* on which the Defendant served, was the Defendant's brother, Ernesto Estrada; and the Defendant was merely a crew member. (see PSR, page 5, par.10 - 11) The Defendant's role was limited to assisting as a mariner by doing only whatever he was told to do. As a mere functionary in the conspiracy, the Defendant's knowledge of the conspiracy as well as his actions in furtherance of the conspiracy were minor and therefore his role should be adjusted downward by two levels.

Should the Court make a finding for a two-level downward departure based on minor role, then the Total Offense Level found in the PSR of 31, would drop to a Total Offense Level of 29. (see PSR, page 6, par.25)

III.   The Government recommends a sentence at the low end of the guideline range.

The government has agreed to recommend to the Court that the Defendant receive a sentence in the low end of the applicable guideline range as calculated by the Court. (see Plea Agreement, page 5, par.9).

IV. Other Sentencing Considerations: USSG Section 3553(a) Analysis

USSG Section 3553(a) makes it clear that the Court should consider just punishment, deterrence, protection of the public and rehabilitation in finding a fair sentence.

The defendant is remorseful for his conduct. He entered into this unlawful conduct in hope of providing for his impoverished family. He and his family barely had enough money to eat and pay rent. (see PSR, p. 5, par14) He now fully understands and regrets the significance of what he did and can be trusted never to do break the law again. He also understands that his actions compromised his ability to support his family over the next decade, further enhancing their poverty.

Mr. Estrada has a solid vision for his future with the worthy goals of spending more time with his loved ones and finding honest, challenging, rewarding work that will enable him to do more for his destitute family. He does not represent a likely risk of recidivism as he understands fully the significance of his crime for himself and his loved ones.

Fabian Estrada is respected, cherished, loved and missed by his family, friends and those who knew him. Despite having very little money he did his best to help his mother and father pay bills. Letters from those who have known him for many years within his community establish that up until his arrest he lived a good life. (see PSR: attached Letters)

Although this crime is serious and deserves punishment, Mr. Estrada is a nonviolent offender who can best serve his family, his community and the goals of the Federal Sentencing Guidelines by being placed in a Federal prison for as short a time as possible.

V. Bureau of Prison Logistical Considerations

The Defendant's older brother Ernesto Estrada is a co-defendant in this case. Fabian Estrada asks that should the Court determine that Federal incarceration is necessary and proper for both brothers, that the Court make a recommendation with the Bureau of Prisons that both brothers be sent to the same Federal facility. Being together would make a terrible situation much more tolerable for both of them, providing hope of a brighter future for themselves and their family.

Respectfully Submitted,

ROBERT L. HAMBRICK
13575 58th N., Suite 108
Clearwater, Florida 33760
(727) 538-4119 / (727)365-5555


By: /s/*Robert L. Hambrick*
ROBERT L. HAMBRICK
Fla. Bar # 385875

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic-mail delivery to co-defendants' legal representatives, the United State's Attorneys office and to the United States Probation Office in Tampa Florida, this 7th day of May, 2015.

By: /s/*Robert L. Hambrick*
ROBERT L. HAMBRICK